IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, #09106-029, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01062-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint[1] filed by Plaintiff Braun Thompson. (Doc. 23). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons and is currently housed at the United States Penitentiary located in Marion, Illinois (USP-Marion). He filed the First Amended Complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680.

This matter is once again subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff commenced this action by filing a motion for emergency medical care on May 19, 2022. (Doc. 1). The Court denied the motion and instructed Plaintiff to file a formal Complaint. (Doc. 4). He filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but it did not survive preliminary review and was dismissed without prejudice on August 10, 2022. (Docs. 7 and 17). Plaintiff was granted leave to amend no later than September 17, 2022. (*Id.*). Following several extensions of this deadline, Plaintiff filed the First Amended Complaint now before the Court. (Doc. 23).

## First Amended Complaint

The First Amended Complaint sets forth the following allegations (Doc. 23): Plaintiff alleges that three medical providers at USP-Marion—P.A. Brooks (physician's assistant), Dr. Pass (medical doctor), and Dr. Harbison (health services administrator)—denied him adequate medical care for back pain that began April 20, 2022. The pain stemmed from a pinched nerve, a bone spur, and degenerative bone damage in at least four vertebrae. After meeting with him to diagnose the problem, P.A. Brooks simply ignored Plaintiff's subsequent and frequent requests for treatment throughout May 2022. Dr. Pass and Dr. Harbison also ignored his numerous requests for emergency medical care to treat his severe, ongoing back pain.

Based on the allegations, the Court finds it convenient to designate the following count in the *pro se* First Amended Complaint:

> **Count 1:** FTCA claim against the United States for P.A. Brooks, Dr. Pass, and Dr. Harbison's denial of medical treatment for Plaintiff's serious and ongoing back pain at USP-Marion in April and May 2022.

(Doc. 23). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed here is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

The FTCA permits a suit for money damages against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758

(7th Cir. 2014). The FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citing *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances.")). In this case, Illinois law applies because all tortious conduct at issue occurred in Illinois. To state a negligence claim under Illinois law, a complaint must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and the breach was the proximate cause of the plaintiff's injury and damages. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).

Whether the misconduct giving rise to Plaintiff's claim involved an employee of the federal government is not yet clear, given that his claim stems from the alleged misconduct of UPS-Marion medical providers, but this can be sorted out as the case proceeds. *See Lipsey v. United States*, 879 F.3d 249, 253-54 (7th Cir. 2018); *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Logue v. United States*, 412 U.S. 521, 5528 (1973). Whether Plaintiff exhausted all administrative remedies and timely filed this action is likewise unclear, given Plaintiff's request for a stay of this case while he exhausted his remedies and prepared a First Amended Complaint. (Docs. 19-20). *See also* 28 U.S.C. § 2675(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Finally, whether Plaintiff states a claim under the FTCA and Illinois tort law governing medical malpractice remains to be seen.[2] *Augustis*, 732 F.3d at 752. Despite these issues, the Court will allow this claim to proceed.

---

[2] Under 735 ILCS § 5/2-622, Plaintiff is required to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 23) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against Defendant **UNITED STATES**. <u>Because this claim arises from allegations of denied medical care, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.</u>

**IT IS ORDERED** that as for **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**. The Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the First Amended Complaint (Doc. 23), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the First Amended Complaint (Doc. 23), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

---

support of the affidavit. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Plaintiff has filed neither one to date. His failure to do so is not dispositive of his claim at screening but will be fatal to his claim if not filed before summary judgment.

**IT IS ORDERED** that, if the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 23) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/22/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**