IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, #09106-029, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01062-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court for a decision on Defendant United States of America's Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for Summary Judgment (Doc. 35). For the reasons set forth herein, Defendant's request for relief under Federal Rule of Civil Procedure 12(b)(6) and/or 12(d) is **DENIED**, and the request for relief under Federal Rule of Civil Procedure 56 is **DISMISSED** without prejudice.

BACKGROUND

On May 19, 2022, Plaintiff filed a motion seeking emergency medical care for back pain that began while he was housed at the United States Penitentiary in Marion, Illinois (USP-Marion), on or around April 20, 2022. (Doc. 1). The motion was unaccompanied by a complaint. *Id*. The Court denied Plaintiff's request for emergency relief on May 23, 2022, and invited him to file a Complaint if he intended to pursue any claims in this case. (Doc. 4).

On June 23, 2022, Plaintiff filed a Complaint seeking injunctive relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the individual officials at USP-Marion who allegedly denied him medical care for his back following the April 2022 episode.

1

(Doc. 7).  The Court dismissed the Complaint for failure to state a claim on August 10, 2022, and granted Plaintiff leave to file a First Amended Complaint by September 7, 2022.  (Doc. 17).

Following several extensions, Plaintiff filed a First Amended Complaint asserting a single claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680.  (Doc. 23).  Plaintiff alleged that three medical providers at USP-Marion, *i.e.*, P.A. Brooks (physician's assistant), Dr. Pass (medical doctor), and Dr. Harbison (health services administrator), denied him adequate medical care for back pain that began April 20, 2022.  Brooks met with Plaintiff and diagnosed his back pain but proceeded to ignore his subsequent requests for treatment throughout May 2022.  Pass and Harbison also ignored his requests for emergency medical care.  *Id*.  The Court screened this matter under 28 U.S.C. § 1915A and allowed Plaintiff to proceed with a single FTCA claim in the First Amended Complaint against the United States arising from Brooks, Pass, and Harbison's denial of medical treatment for Plaintiff's serious and ongoing back pain at USP-Marion in April and May 2022 (Count 1).  (Doc. 28).

Instead of an answer, Defendant United States filed a Motion to Dismiss Count 1 or, in the alternative, Motion for Summary Judgment.  Defendant maintains that Plaintiff failed to exhaust his administrative remedies for the FTCA claim before bringing suit and also failed to support his claim with the affidavit and health professional's written report (certificate of merit) required under Illinois law, *i.e.*, 735 ILCS § 5/2-622(a)(1).  Defendant seeks dismissal of this suit under Rules 12(b)(6), 12(d), or 56.

APPLICABLE LEGAL STANDARDS

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule 12(b)(6)) is to decide the adequacy of the complaint.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In order to survive a Rule 12(b)(6) motion to

dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Rule 12(d) of the Federal Rules of Civil Procedure (Rule 12(d)) allows the Court to consider matters outside the pleadings and convert a motion to dismiss to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Rule 56). Under Rule 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When considering a motion for summary judgment under Rule 56, the Court must construe all facts and reasonable inferences in favor of the non-moving party, which, in this instance, is the plaintiff. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted).

## DISCUSSION

**1.      Failure to Exhaust**

Defendant seeks dismissal of this suit based on Plaintiff's failure to exhaust his administrative remedies before bringing his FTCA claim against the United States. The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money

3

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *See* 28 U.S.C. § 2675(a). The purpose of the FTCA exhaustion requirement is "to provide the government with sufficient notice to investigate the claim and prepare for settlement negotiations." *Ward v. United States*, 1 Fed. Appx. 511, 513 (7th Cir. 2001).

A plaintiff's failure to exhaust administrative remedies is an affirmative defense that a defendant can raise in an answer. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Defendant has not filed an answer and, consequently, has not pleaded this affirmative defense. When the existence of an affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, however, a district judge need not wait for an answer before dismissing the suit. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). This is because the complaint also fails to state a claim for relief, if the plaintiff makes it obvious in the complaint that he has not exhausted his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007). When dismissing a suit at this early stage, the "validity of the defense [must] be both apparent from the complaint itself and unmistakable." *Walker*, 288 F.3d at 1009.

The Court lacks enough information to make this finding by looking to the face of the Complaint. The Court already concluded that the First Amended Complaint survives screening on a single claim under 28 U.S.C. § 1915A, and this legal standard is virtually identical to Rule 12(b)(6).[1] To survive review under both standards, a complaint must include sufficient facts to state a claim for relief that is plausible on its face and raise the right to relief above the

---

[1] Section 1915A requires the Court to dismiss any portion that fails to state a claim for relief, is legally frivolous or malicious, or asks for money damages from a defendant who is immune from such relief, while Rule 12(b)(6) provides for dismissal of a complaint, or any portion of it, for failure to state a claim upon which relief may be granted.

speculative level. *Twombly*, 550 U.S. at 555; *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). The Court already reviewed the allegations in the First Amended Complaint and determined that they articulate an FTCA claim against the United States for Brooks, Pass, and Harbison's denial of medical treatment of Plaintiff's serious and ongoing back pain at UPS-Marion in April and May 2022. (Doc. 28). In the Merit Review Order, the Court also noted that exhaustion of remedies for this claim may be a problem for Plaintiff.[2] *Id*. at 3. Significantly, the Court did not indicate that Plaintiff's failure to exhaust was "obvious" or "unmistakable" from the face of the Complaint, but rather "unclear." *Id*.

Defendant asks the Court to consider information beyond the face of the complaint and find that exhaustion did not occur here. This includes statements made by the Court in prior Orders[3] and statements made by Plaintiff in other filings in this case and others.[4] Along with the motion, Defendant filed the Declaration of Jarad Herbig (Doc. 35-1), Plaintiff's Quarters History (Doc. 35-2), Plaintiff's Inmate Data (Criminal History) (Doc. 35-3), Program Statement 1320.06 (Doc. 35-4), and Declaration of Elijah Jenkins (Doc. 35-5). Defendant relies on all of these documents, and more, to argue that Plaintiff never filed a valid administrative tort claim with the appropriate federal agency as required by PS 1320.06. (Doc. 35, ¶ 10; Doc. 35-5, ¶ 3). Plaintiff made no such statement to this effect in the First Amended Complaint. (Doc. 23). Rather, Plaintiff

---

[2] The Court stated: "Whether Plaintiff exhausted all administrative remedies and timely filed this action is likewise unclear, given Plaintiff's request for a stay of this case while he exhausted his remedies and prepared a First Amended Complaint." (Doc. 28, p. 3) (citing Docs. 19, 20).
[3] When dismissing his initial motion, filed without a complaint, the Court stated, "[I]t appears [Plaintiff] has not attempted to exhaust his available remedies at the prison before filing the motion." (Doc. 4, p. 4). When dismissing the Complaint filed pursuant to *Bivens* against individual officers, the Court stated, "Plaintiff should first consider whether he properly and completely exhausted his available administrative remedies at USP-Marion *before* bringing this action," and "[i]f he did not, Plaintiff should do so immediately and then file a *new* suit to pursue this claim." (Doc. 17, pp. 6-7). However, the Court made these statements before Plaintiff filed a claim against the United States under the FTCA, which has its own exhaustion requirements.
[4] Most notably, Plaintiff filed a motion seeking an abeyance while he exhausted his remedies for his FTCA claim and prepared his First Amended Complaint against the United States. (Doc. 19).

indicates that he did attempt exhaustion and cites a specific document. (Doc. 23, pp. 3-7; Doc. 26, p. 2). Defendant asks this Court to track the document through the U.S. Postal Service tracking system and conclude that it was not sent or received in time to exhaust. This, in turn, requires the Court to take judicial notice of a broad swath of information in the public record and beyond.

Unaided by an answer, this Court lacks sufficient information to determine whether the plaintiff exhausted administrative remedies before bringing the FTCA claim under Rules 12(b)(6), 12(d), or 56. Having had no opportunity to exchange initial disclosures and other information regarding the issue of exhaustion in this case, Plaintiff may also lack information necessary to counter Defendant's motion at this time. Defendant's request for dismissal based on Plaintiff's failure to exhaust is premature, so the motion shall be denied under Rule 12(b)(6) and/or 12(d) and dismissed without prejudice under Rule 56.

Defendant will have an opportunity to file an answer and may choose to raise Plaintiff's failure to exhaust as an affirmative defense. Once the answer is on file, the Court will enter an Initial Scheduling Order that sets forth instructions and deadlines for exchanging information that will assist both parties in fully addressing the issue of exhaustion at summary judgment. Defendant may renew its request by filing a dispositive motion on the issue of exhaustion by the deadline set in the Initial Scheduling Order.

2.   **Compliance with 735 ILCS § 5/2-622(a)(1)**

The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). In order to proceed with the FTCA claim arising from alleged medical malpractice, Plaintiff must satisfy the elements of a medical malpractice claim under the tort law of the state where the conduct

occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). Because the alleged misconduct occurred in Illinois, Count 1 is governed by Illinois substantive law.

The Illinois Healing Art Malpractice Act, 735 ILCS § 5/2-622, provides that claims for medical negligence or malpractice must be supported by: (1) an affidavit; and (2) a health professional's written report. *See* 735 ILCS § 5/2-622(a)(1). Among other things, the affiant must confirm that he has consulted with a health professional who is knowledgeable of the issues, practices in the relevant area of medicine, and is qualified to offer an opinion that there is a "reasonable and meritorious cause" for litigation. *Id*. Plaintiff must also provide a report from a health professional who has reviewed the relevant medical records and can attest that the medical negligence claim against each defendant has merit. *Id*. The written report of the reviewing health professional must clearly identify the plaintiff and state each of the reasons that a reasonable and meritorious cause for the filing of the action exists.[5] *Id*. It must be specific, stating the standard of care, describing the deficiencies in care, and setting forth the reviewing health professional's reasons for finding the care deficient. *Ortiz v. United States*, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014). The report cannot rely on general conclusions of malpractice. *Id*.

Although state substantive law requires the production of this information, federal procedural law controls when and how it is produced. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Under federal procedural rules, a complaint filed in federal court cannot be dismissed simply because the § 5/2-622 affidavit and report are missing. *Id*. at 351. Rule 8 does not require attachments to a complaint, and these documents can "come later." *Id*. (citing FED. R. CIV. P. 8).

The Court explained this in the Merit Review Order, pointing out that Plaintiff's failure to comply with 735 ILCS § 5/2-622(a)(1) was not dispositive of the claim at screening but "will be

---

[5] This is sometimes referred to as a "certificate of merit."

7

fatal to his claim if not filed before summary judgment." (Doc. 28, pp. 3-4 n. 2) (citing *Young*, 942 F.3d at 351). Plaintiff has not submitted these documents at any time since entry of the Merit Review Order or offered additional reasons he has failed to do so.

The Court may grant reasonable extensions of time to produce this information under state and federal law. As stated above, § 5/2-622 authorizes extensions of time for filing the report and affidavit when necessary records are unavailable for a health professional's evaluation (*see* 735 ILCS § 5/2-622(a)(3)) or when a complaint is filed just before an impending statute of limitations (*see* 735 ILCS § 5/2-622(a)(2)). *Young*, 942 F.3d at 351. In addition, Rule 56(d) allows a district court to grant a nonmovant additional time to gather essential evidence. In this way, the "state substantive goal and the federal procedural system . . . exist harmoniously." *Id*.

Here, Defendant still needs to file an answer to the First Amended Complaint before the Court can enter an Initial Scheduling Order that sets deadlines for initial disclosures, including the exchange of medical records, and for dispositive motions on the issue of exhaustion. If the case survives this stage, the Court will enter a separate Scheduling and Discovery Order setting deadlines for discovery and dispositive motions on the merits, granting Plaintiff a reasonable amount of time to file the affidavit and health professional's written report required under 735 ILCS § 5/2-622(a)(1) before dispositive motions on the merits are due. **Plaintiff is WARNED that failure to timely file the Affidavit and Written Report in compliance with 735 ILCS § 5/2-622(a)(1) shall result in dismissal of Count 1 and this action after the deadline expires.**

Defendant's request for relief is denied under Rule 12(b)(6) and/or 12(d) and is dismissed without prejudice under Rule 56.

**DISPOSITION**

Defendant United States of America's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and/or 12(d) is **DENIED** and Motion for Summary Judgment under Rule 56 is **DISMISSED** without prejudice (Doc. 35).  Defendant is **ORDERED** to file an Answer to the First Amended Complaint (Doc. 23) on or before **APRIL 4, 2024**.

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/21/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**