IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, #09106-029, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-01062-JPG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Braun Thompson brings a claim against the United States under the Federal Tort Claims Act (FTCA) for inadequate medical care he received as a prisoner at the Federal Correctional Institution at Marion, Illinois (FCI-Marion). (Doc. 23). The United States moved for summary judgment based on Thompson's alleged failure to exhaust administrative remedies before filing this lawsuit. (Doc. 45). Thompson opposes the motion. (Docs. 51, 56, and 58). Because the undisputed evidence demonstrates that Thompson failed to exhaust, the motion shall be **GRANTED**.

### BACKGROUND

Thompson initiated this action on May 19, 2022, by filing a motion seeking emergency medical care for back pain that began one month earlier at the United States Penitentiary in Marion, Illinois.[1] (Doc. 1). Thompson filed the motion without a complaint. On May 23, 2022, the Court denied emergency relief and granted him leave to file a Complaint. (Doc. 4).

---

[1] USP-Marion has been reclassified as a federal correctional institution and is referred to as FCI-Marion herein. *See* https://www.bop.gov/locations/institutions/mar/ (site last visited Dec. 30, 2024).

1

On June 23, 2022, Thompson filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the individual federal officials who allegedly denied him medical care at FCI-Marion. (Doc. 7). The Court dismissed the Complaint for failure to state a claim on August 10, 2022. Thompson was granted leave to file a First Amended Complaint by September 7, 2022. (Doc. 17).

Before amending, Thompson filed a motion for abeyance in this case and in *Thompson v. United States*, No. 22-cv-00059-NJR (S.D. Ill.) (Doc. 22, filed Sept. 12, 2022). He requested a stay of both cases while he exhausted his remedies for his FTCA claims. (Doc. 19). Thompson explained that he only recently learned the "fuller meaning" of an administrative remedy for an FTCA claim, and he felt that the FTCA claim in both cases was not fully exhausted. *Id*. at 1. Thompson contacted "upper administrative levels" about the claims but had not sought compensation from the proper officials pursuant to the FTCA. *Id*. He asked that both cases be placed "on hold" while he filed notice of his claim and a request for compensation with the BOP Director and DOJ / Attorney General. *Id*. Until he took these steps to exhaust his administrative remedies, Thompson explained that he could not move forward with either case. *Id*.

The motion was denied on September 13, 2022. (Doc. 20). In both cases, the Court explained that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, forbid the approach proposed by Thompson. A prisoner-plaintiff must exhaust his remedies *before* filing suit, and Thompson proposed filing an amended complaint *after* exhausting. *Id*. Thompson was given time to decide whether to file an amended complaint and pursue his claims herein (if he exhausted his administrative remedies) or seek dismissal of this action (if he still needed to exhaust his administrative remedies). *Id*. He chose to proceed.

On October 17, 2022, following several extensions, Thompson filed a First Amended Complaint asserting a single claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, for inadequate treatment of his back pain by three prison medical providers at FCI-Marion beginning April 20, 2022. (Doc. 23). Thompson alleged that P.A. Brooks met with him and diagnosed his back pain, but ignored his requests for treatment throughout May 2022. Dr. Pass and Dr. Harbison allegedly ignored his requests for emergency medical care. *Id*. Following screening under 28 U.S.C. § 1915A, the Court allowed Thompson to move forward with a single FTCA claim against the United States arising from Brooks, Pass, and Harbison's denial of medical care for his serious and ongoing back pain in April and May 2022. (Doc. 28).

Before filing an Answer, the United States moved for dismissal of Count 1 under Federal Rule of Civil Procedure 12 or, in the alternative, summary judgment under Federal Rule of Civil Procedure 56, based on Thompson's failure to exhaust his administrative remedies for the FTCA claim and his noncompliance with 735 ILCS § 5/2-622(a)(1). (Doc. 35). The Court denied the requests for dismissal under Rule 12(b)(6), (d) and dismissed the requests for summary judgment under Rule 56 without prejudice on March 21, 2024. (Doc. 42). After filing its Answer raising exhaustion as an affirmative defense (Doc. 43) and exchanging initial disclosures, the United States renewed its request for summary judgment on grounds of exhaustion (Doc. 45).

## MOTION FOR SUMMARY JUDGMENT

In its summary judgment motion, the United States argues that Thompson failed to exhaust his administrative remedies for the FTCA claim. (Doc. 45). Plaintiff received an Admission and Orientation Handbook (Jan. 2019 ed.) (Handbook) during intake, and he signed an acknowledgement of the same. (Doc. 45-1, ¶ 4; Doc. 45-3). The Handbook contains instructions

3

for filing complaints about conditions of confinement and tort claims after first taking steps to exhaust remedies.  (Doc. 45, ¶¶ 10-13; Doc. 45-2).  If he lost or misplaced the Handbook, Thompson could request access to another one.  *Id*.

In regard to FTCA claims, the Handbook provides that "[i]f the negligence of institution staff results in personal injury or property loss or damage to an inmate, it can be the basis of a claim under the Federal Tort Claims Act.  To file such a claim, inmates must complete a Standard Form 95.  They can obtain this form by submitting an Inmate Request to Staff Member or requesting one through your Correctional Counselor."  (Doc. 45, ¶ 12; Doc. 45-2, p. 47).  The BOP's Program Statement 1320.06 separately provides the following regarding claims brought pursuant to the Federal Tort Claims Act: "A claim may also be filed without an SF-95 if the claimant provides all necessary information, including: date of incident, place where the incident occurred, explanation of events, witnesses, description of injury or properly loss, sum certain claimed, date of claim, and claimant's signature."  (Doc. 45, ¶ 15; Doc. 35-4, p. 3).  To bring a tort claim, a claimant must first mail or deliver the claim to the BOP's regional office in the region where the claim occurred.  *Id*. at p. 4.  For FCI-Marion, this is the BOP's North Central Regional Office.  (Doc. 45, ¶¶ 16-17).

According to the defendant, Thompson failed to take this first step, or any others, to exhaust his remedies before bringing his FTCA clam here, just as he failed to do in *Thompson v. United States*, No. 22-cv-00059-NJR.  The district court granted the defendant summary judgment for failure to exhaust the FTCA claim in that case, and the Seventh Circuit Court of Appeals affirmed the decision in December 2024.  *See Thompson v. United States*, App. No. 24-1495, 2024 WL 4973309 (7th Cir. Dec. 4, 2024).  Because the two cases share considerable overlap regarding

4

Thompson's exhaustion efforts, the United States supplemented his summary judgment brief with this decision and seeks a consistent finding here.  (Docs. 45, 54).

### RESPONSE

Thompson opposes summary judgment.  (Docs. 51, 56, and 58).  He acknowledges that "it has been clearly established by both the plaintiff and the defendant that the plaintiff specifically did not follow many of the procedures" for exhausting his claim.  (Doc. 51, p. 1).  He claims that this is only because administrative remedies were unavailable.  *Id*.

Thompson asks the Court to excuse him from the legal requirements for exhausting his FTCA claim because he did not know how to satisfy each requirement.  He also lacked access to the law.  The Handbook was his only source of information, and it did not address the procedures for filing claims for acts of misconduct that went beyond negligence to include the "aggressive attack" by Brooks, Pass, and Harbison.  *Id*. at 1-3.

Thompson nevertheless did his best to file proper complaints with the Attorney General, by submitting them to the Department of Justice (DOJ) and Federal Bureau of Prisons (BOP), and argues that both agencies were obligated to re-file them with the correct recipient.  *Id*.  Thompson should only be required to use avenues to relief that the United States informed him about or that he inherently understood at the time his claims arose.  Because he did not know about the proper steps for exhausting his claim under the FTCA at that time his claim arose, his lack of knowledge rendered the process unavailable to him.  *Id*. at 3-4.

Thompson acknowledged receiving a copy of the Seventh Circuit Court of Appeals decision affirming the grant of summary judgment in favor of the United States due to his failure to exhaust the FTCA claims at issue in *Thompson v. United States*, App. No. 24-1495 (7th Cir. Dec. 4, 2024).  However, he asks the Court to disregard the decision; he intends to challenge it.

## APPLICABLE LEGAL STANDARDS

**A.    Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When considering a summary judgment motion, the Court must construe all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted).

**B.    Exhaustion Requirements**

Before bringing a claim under the FTCA, a plaintiff must first take steps to exhaust his remedies. The FTCA explicitly states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Exhaustion is a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). This requirement serves the purpose under the FTCA of "provid[ing] the government with sufficient notice to investigate the claim and prepare for settlement negotiations." *Ward v. United States*, 1 F. App'x 511, 514 (7th Cir. 2001) (citing *Charlton v. United States*, 743 F.2d 557, 559-60 (7th Cir. 1984)).

The steps for exhausting a claim under the FTCA are set forth in 28 C.F.R. § 543.30, *et. seq*. An inmate must begin the process by filing an administrative tort claim with the appropriate Federal agency for the administrative action. 28 C.F.R. § 543.30. For an inmate in federal BOP custody, exhaustion begins with filing an administrative tort claim with the BOP Regional Office

of the region where the claim occurred, 28 C.F.R. § 543.31(c). To adequately present a claim, an inmate must submit: (1) an executed Standard Form 95 or other written notice of an incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant. *See* 28 C.F.R. § 14.2(a); *Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019). If a tort claim contains all necessary information, the inmate should receive an acknowledgement letter notifying the inmate that the BOP Regional Office has received the claim. 28 C.F.R. § 543.32(a). After investigating it, the BOP's Regional Counsel issues a decision and either offers a settlement or denies the claim, 28 C.F.R. § 543.32(c)-(d). If the inmate disagrees with the decision, he may request reconsideration by the BOP, 28 C.F.R. § 543.32(g). The BOP's decision is considered the final agency action. *Id*. If the inmate is not satisfied with the decision, he may file an FTCA lawsuit in the district court. 28 C.F.R. § 543.32(f). If the inmate does not receive a response within six months, the claim is deemed denied, and the inmate may proceed to file a lawsuit in district court without pursuing further administrative relief, 28 C.F.R. § 543.32(h)-(i).

As an inmate, Thompson may also be subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which governs lawsuits filed by inmates "with respect to [their] prison conditions." The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." *Id*. (emphasis added). Strict adherence to the PLRA's exhaustion requirement is required. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Under the PLRA, exhaustion of all available remedies must occur before suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

**DISCUSSION**

**A.     Exhaustion**

A plaintiff must exhaust his administrative remedies for a claim before filing suit. *Thompson v. United States*, 2024 WL 4973309, at *2 (7th Cir. Dec. 4, 2024) (citing *McNeil v. United States*, 508 U.S. 106, 111-13 (1993)).  If Thompson failed to do so, the Court must dismiss this case.  *Id*. (citing *McNeil*, 508 U.S. at 113).  Thompson addressed the issue of exhaustion in numerous filings with the Court and, in doing so, demonstrated that he did not submit complaint forms to the proper officials in a timely manner.

The undisputed evidence shows that Thompson failed to exhaust his remedies for the tort claim before filing this lawsuit.  Almost four months after bringing this lawsuit on May 19, 2022, Thompson sought a "hold" on this case by filing a motion for abeyance on September 12, 2022.  (Doc. 19).  Thompson explained that he only recently learned the "fuller meaning of 'Administrative Remedy.'"  *Id*.  Although he had "contacted, officially, the upper Administrative levels" about both claims,[2] Thompson did not "bring in to it specifically the Tort Claims Act, nor specify compensation and related requests," and he received no response.  *Id*.  Thompson was still in the process of filing "extensive requests" with the BOP Director and DOJ/Attorney General, specifically about his FTCA claim and request for compensation.  *Id*.  He sought additional time to complete the administrative remedy process.  *Id*.  At the time, the Court had already dismissed the Complaint and granted Thompson leave to file a First Amended Complaint.  (Doc. 17).  The request for a stay of the case was denied on September 13, 2022.  (Doc. 20).

Thompson filed a First Amended Complaint a month later on October 17, 2022.  (Doc. 23). Under the heading "Grievance Procedure," Thompson described his efforts to exhaust.  *Id*. at 1.

---

[2] *See also Thompson v. United States*, No. 22-cv-00059-NJR.

8

Thompson sent multiple emails to Harbison and Pass from May 6-17, 2022, as well as an "in depth, specific complaint" emailed as an emergency complaint to the Office of Inspector General, Washington, D.C. on May 4, 2022 or May 5, 2022. *Id*. at 1. He received no response. *Id*. In addition, he attached a letter that he sent sometime in August 2022 (*i.e.*, August __, 2022) to report a "very specific Tort Claim filing in full detail of this situation." *Id*. He received no response. *Id*.

Thompson included the letter with the First Amended Complaint and referred to it as a "missive" that was directed to the BOP Director and Attorney General of the United States. (Doc. 23, pp. 3-7). The letter purported to be a tort claim describing "three separate situations" that occurred at FCI-Marion, including the alleged denial of medical care at issue in this case. *Id*. Thompson stated that he emailed the DOJ's Office of the Inspector General ("DOJ OIG") and asked the DOJ OIG to contact the BOP Director, BOP Internal Affairs, FCI-Marion's Warden, and FCI-Marion's Health Care Unit Administrator.

Thompson also sent a letter via certified legal mail to the Attorney General of the United States and, in a subsequent filing, included the certified mailing code: 7021 2720 0001 8200 6121.[3] (Doc. 26-2). It was delivered to an unknown P.O. Box in Kansas City, Missouri on March 6, 2023, according to the USPS Tracking Information Page for Parcel 70227200000182006121. *Id*. This was supported by documentation tracking his complaints through the U.S. Postal Service tracking system and showing that it was not sent or received in time to exhaust. *Id*. Thompson wrote a second letter to the Attorney General of the United States and received no response. *Id*.

The United States filed declarations from the BOP and DOJ which reflect Thompson's efforts to exhaust his remedies for the FTCA claim. The Declarations established that neither the

---

[3] This appears to be part of the same mailing addressed in *Thompson v. United States*, No. 22-cv-00059 (S.D. Ill.) (Doc. 51, p. 10) (citing Doc. 39-4, pp. 4-5).

DOJ nor BOP received an administrative complaint from him.  *See* Doc. 35-1, ¶ 10; Doc. 35-5, ¶ 3; Doc. 45-4, ¶ 3; Doc. 45-5. ¶ 5).

Federal regulations outline the steps that a potential plaintiff must take to exhaust his remedies under the FTCA before filing suit.  28 C.F.R. § 14.2(a); *Chronis v. United States*, 932 F.3d 544, 546-47 (7th Cir. 2019).  The first step is to file a notice of claim with the BOP's regional office, 28 C.F.R. §§ 14.2(b)(1), 543.31.  Although he sent various emails and letters before filing suit, this did not satisfy any of the steps for exhausting his claim under the FTCA.  Thompson communicated with the BOP in September 2022—four months after he filed this lawsuit in May 2022—, and, there is no evidence in the record to suggest that his complaints were actually received by the BOP.  The complaints also failed to include necessary information in them.[4]  *See* 28 C.F.R. § 14.2(a); *Chronis*, 932 F.3d at 547.  Before he invoked the judicial process by filing this lawsuit, Thompson completed none of the required steps to exhaust his remedies for the tort claim.  28 U.S.C. § 2675(a); *Glade ex. rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("[T]he Tort Claims Act requires exhaustion of administrative remedies as a prerequisite to suit").  Because Thompson did not exhaust his remedies in compliance with 28 U.S.C. § 2675 before filing suit, dismissal of the tort claim is mandatory.

---

[4] A proper claim under the FTCA must include: (1) notification of the incident, demand for a sum certain, title or capacity of the person signing, and evidence of the person's authority to represent the claimant. *Chronis*, 932 F.3d at 547. Thompson admittedly failed to indicate that he was pursuing relief under the FTCA or specify the compensation requested. *Id*. Although his failure to request a dollar amount is not always fatal to an FTCA claim, this omission can be fatal if it hinders settlement of the claim. *Id*.

B.    **Unavailability of Remedy**

It is not clear whether the PLRA applies to Thompson's tort claim,[5] but it is undisputed that Thompson did not use the BOP's administrative remedies process to exhaust his claim.[6] The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e(a). Thompson claims that administrative remedies were unavailable. Thompson maintains that he lacked legal knowledge and access to the law, beyond the Handbook. However, in an "Information Brief" filed after the Court screened the First Amended Complaint, Thompson clarified that the law library actually had a "bank" of desktop computers offering inmates access to LexisNexis. (Doc. 37). He did not know how to use computers; he only knew how to use books. *Id*. Given this, Thompson asks the Court to find that his attempts to mail complaints to the DOJ and BOP sufficed to put the Government on notice of his claim and satisfied the exhaustion requirement.

The unavailability of administrative remedies may excuse a failure to exhaust claims that are subject to the PLRA, but the FTCA says nothing about the "availability" of remedies. *See Thompson v. United States*, 2024 WL 4973309, at *2 (7th Cir. Dec. 4, 2024). Even if some equitable exception to the exhaustion requirement exists under the FTCA, Thompson does not describe remedies that were unavailable. He describes the hardships associated with litigating a

---

[5] *See Waugh v. United States*, No. 21-cv-812-JPG, 2024 WL 183420, at *3 n.1 (S.D. Ill. Jan. 17, 2024); *Gaughan v. U.S. Bureau of Prisons*, No. 02 C 0740, 2003 WL 1626674, at *2 (N.D. Ill. Mar. 25, 2003) (exhaustion under the FTCA does not satisfy the exhaustion requirement for claims brought pursuant to 42 U.S.C. § 1997e(a)).

[6] This process is separate from the process used to present an FTCA claim and consists of submitting administrative remedy requests at the institution, regional office, and central office levels at of the BOP. *See* Doc. 45, ¶¶ 53-54. The BOP tracks inmate administrative remedy requests in its SENTRY database, and Defendant filed a declaration confirming that none of the sixteen documented administrative remedy requests in the file were submitted between September 9, 2019 and April 12, 2024. *Id*. at ¶¶ 57-59.

case *pro se*, which the Supreme Court has already made clear does not excuse non-exhaustion. *McNeil*, 508 U.S. at 112-13. Thompson also fails to demonstrate that the prison thwarted his efforts to exhaust, when he conceded that FCI-Marion provides access to information and legal authority that explains the exhaustion process, and he used this process increasingly during the course of this litigation—just not before filing suit.

## DISPOSITION

The Court now finds that Thompson failed to exhaust his administrative remedies pursuant to the FTCA prior to filing this lawsuit, and the United States is entitled to summary judgment. Accordingly, the Motion for Summary Judgment (Doc. 45) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: 2/4/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**